**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

HANDEL CRUZ,

       **Plaintiff,**

            v.

FRANK BISIGNANO,
**Commissioner of Social Security,**

       **Defendant.**

                    **Case No. 2:23-cv-1211**
                    **Magistrate Judge Norah McCann King**

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's motion for an attorney's fee pursuant to 42 U.S.C. § 406(b)(1). Motion for Attorney Fees*, ECF No. 20. The Commissioner neither supports nor opposes the motion but asks that the Court direct Plaintiff's counsel to remit to Plaintiff the $ 11,642.80 fee previously awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Response to Plaintiff's Petition for Attorney's Fees under 42 U.S.C. § 406(b), ECF No. 22. *See* Consent Order, ECF No. 19.

Under the Social Security Act, when a court renders a judgment favorable to a claimant who was represented before the court by an attorney, the court may award that prevailing claimant's attorney "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . ." 42 U.S.C. § 406(b)(1)(A). Contingency fee arrangements are "the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In determining an appropriate fee under the statute, a court

1

must also consider such factors as the character of the representation and results achieved, whether counsel was responsible for delay, and whether the benefits were large in comparison to the time expended by counsel. *Id*. at 807-08. Moreover, a court may consider the inherent risk of loss associated with representation on a contingency basis. *Tschudy v. Comm'r of Soc. Sec.*, No. 18-3424, 2020 WL 3316403, at *1 (D.N.J. June 18, 2020).

Plaintiff filed his application for Disability Insurance Benefits in January 2020 and, with the assistance of counsel, challenged the administrative denial of that application in this Court. In April 2025, this Court reversed the Commissioner's decision and remanded the matter to the Commissioner for further proceedings. Opinion and Order, ECF No. 15; Final Judgment, ECF No.16. On remand, Plaintiff secured a fully favorable decision, Exh. E to Motion for Attorney Fees, ECF No. 20, and was awarded past-due benefits totaling $ 125,587.00. Exh. C to Motion for Attorney Fees, ECF No. 20, PageID# 1104. Plaintiff's counsel seeks 25% of that award, for an attorney's fee of $ 31,396.75.

The fee agreement executed by Plaintiff and his counsel authorizes a fee of 25% of past-due benefits. Exh. A to Motion for Attorney Fees, ECF No. 20. The attorneys who represented Plaintiff before this Court expended 46.50 hours of time on Plaintiff's behalf. Exh. B to Motion for Attorney Fees, ECF No. 20. The requested fee therefore represents no more than 25% of the past-due benefits and compensation for Plaintiff's attorney at the rate of approximately $ 675.20 per hour, which falls well within the range of allowable fees authorized by this Court.

This Court concludes that the requested fee is reasonable. The time between Plaintiff's application and the favorable resolution of that application was lengthy and Plaintiff's counsel were in no way responsible for that delay. Moreover, the benefits awarded were not large in comparison to the time expended by counsel. *See Gisbrecht*, 535 U.S. at 808.

Plaintiff's Motion for Attorney Fees, ECF No. 20, is therefore **GRANTED**.

**IT IS ORDERED** that an attorney's fee in the amount of $ 31,396.75, which represents 25% of the past-due benefits awarded to Plaintiff, be remitted to the **LAW OFFICES OF CHARLES E. BINDER AND HARRY J. BINDER, LLP**, and paid to Plaintiff's primary representative Charles E. Binder. Upon receipt of this fee, counsel for Plaintiff will remit the previously awarded EAJA fees in the amount of $ 11,642.80 to Plaintiff.

_s/ Norah McCann King_
Norah McCann King
United States Magistrate Judge

February 27, 2026

3